## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOE TOVAR**, an individual,

     Plaintiff,

v.                                     No. _____

**UNITED SEATING & MOBILITY,
LLC d/b/a NUMOTION; NUMOTION
FOUNDATION; JOHN DOE SALES
REPRESENTATIVE; JOHN DOE
INSTALLATION TECHNICIAN; TIM
CASEY**, an individual; JOHN and JANE DOES
I-X, BLACK and WHITE CORPORATIONS 1-
X, ABC PARTNERSHIPS I-X, and ABC
ORGANIZATIONS I-X,

     Defendants.

---

## DEFENDANTS' NOTICE OF REMOVAL

---

Defendants United Seating & Mobility L.L.C d/b/a Numotion ("Numotion"), Tim Casey, and Numotion Foundation hereby give notice of the removal of the above-styled action to the United States District Court for the District of New Mexico.

Pursuant to 28 § U.S.C. 1446(a), copies of the First Judicial District Court for the County of Santa Fe in the State of New Mexico's entire file, as of July 8, 2021, are attached as **Exhibit A**.

As grounds for removal, Numotion states as follows:

## BACKGROUND

1.      Plaintiff Joe Tovar ("Plaintiff") initiated this action on May 17, 2021 by filing his Complaint in the First Judicial District Court for the County of Santa Fe in the State of New Mexico.

2.      According to the Complaint, on or about April 16, 2018, Numotion delivered a new seat cushion to Plaintiff's home for Plaintiff's wheelchair. Complaint at ¶ 13. Within a period of approximately seven (7) months after delivery, Plaintiff developed a sore on his left gluteus maximus. *Id.* at ¶ 18. Plaintiff alleges that Numotion caused  his injuries by refusing to instruct Plaintiff on how to use the new seat cushion. *Id.* at ¶ 20-21.

3.      Based on these allegations, Plaintiff asserts claims against Numotion for negligence, negligent entrustment, products liability, and negligent infliction of emotional distress. *Id. at* ¶¶ 21-44.  Plaintiff seeks recovery for compensatory damages -- lost wages, medical expenses, and future medical expenses; punitive damages; pre-judgment and post-judgement interests; and the cost of this action, along with further relief that the Court deems just and proper. *Id at* ¶ WHEREFORE.

## GROUNDS FOR REMOVAL

4.      This removal is based on diversity of citizenship.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state than the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case.  *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

<u>THE PARTIES' CITIZENSHIP</u>

6.     At the time of filing the Complaint and the time of removal, Plaintiff was and is a resident of New Mexico.  Complaint at ¶ 1.

7.     At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Numotion was and is a limited liability company organized under the laws of the State of Missouri with its principal place of business being in Tennessee.  Numotion's sole member, NMN Holdings III, Corp., was and is a Delaware corporation with its principal place of business in Tennessee. Thus, Numotion is a citizen of Delaware and Tennessee.  *See* 28 U.S.C. § 1332(c)(1); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) (holding that an LLC has the citizenship of its members); *Lucero v. Carlsbad Med. Ctr., LLC*, No. CV 1:18-00148 WJ/LF, 2018 WL 2464493 (D.N.M. June 1, 2018); *Kinesio USA, LLC v. Hope,* No. CV 12-831 LH/KBM, 2013 WL 12183639, at *2 (D.N.M. Apr. 23, 2013).

8.     At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Tim Casey was and is domiciled in Tennessee. *See Granado v. Wasson*, No. CV 20-CV-0244 KRS/SMV, 2020 WL 1889111, at *2 (D. N.M. Apr. 16, 2020) (citing *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the State indefinitely.").

9.     At all relevant times, including the filing of the Complaint and the time of removal, Defendant Numotion Foundation was and is a nonprofit corporation incorporated under

the laws of Tennessee with its principal place of business in Tennessee. Therefore, for diversity purposes, Numotion Foundation is deemed a citizen of the state of Tennessee. 28 U.S.C. § 1332(c)(1).

10.    The fictitious defendants named in Plaintiff's Complaint are not considered with respect to diversity of citizenship pursuant to 28 U.S.C. § 1441(b)(1).

11.    Accordingly, there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b) because Plaintiff is a citizen of New Mexico, Defendant Numotion is a citizen of Delaware and Tennessee, Defendant Tim Casey is a citizen of Tennessee, and Defendant Numotion Foundation is a citizen of Tennessee.

<u>THE AMOUNT IN CONTROVERSY</u>

12.    Plaintiff alleges that he developed a sore on his left gluteus maximum within approximately seven (7) months from the delivery of his new seat cushion from Numotion. Complaint at ¶ 18. Moreover, Plaintiff claims that Numotion caused his injury as a result of its alleged refusal to instruct Plaintiff on how to use the new seat cushion. *Id.* at ¶ 20-21.  Thus, Plaintiff seeks to recover compensatory damages; punitive damages; pre-judgment and post-judgment interests; cost for the action and for other such relief. *Id. at ¶* WHEREFORE; *see Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) (holding that the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" under the same "short and plain" standard applicable to pleading generally).

13.    The removing party must, by a preponderance of the evidence, show that the amount in controversy exceeds $75,000. *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001). However, courts may rely on "judicial experience and common sense" when determining

if the amount in controversy requirement is satisfied. *U.S. Bank Nat'l Ass'n for Chase Mortg. Fin. Corp. Multiclass Mortg. Pass-Through Certificates Chaseflex Tr. Series 2006-1 v. First Morgan*, 299 F. Supp. 3d 1202, 1205 (D.N.M. 2017); *see McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

14.     Here, although Plaintiff does not specify a specific demand for damages, his Complaint clearly seeks damages greater than $75,000, exclusive of interests and costs. Plaintiff alleges that as a result of Numotion's negligence, he has suffered "injuries to his body, both temporary and permanent; endured pain and suffering, both physical and mental; incurred medical expenses, travel expenses to treat the wound, has undergone medical treatment, will undergo medical treatment in the future. Complaint at ¶ 41. Plaintiff also alleges that he has "suffered loss of enjoyment of life; [has] been unable to engage in normal family, social, recreational and household services and activities; lost income; and other damages which will continue into the future. *Id. See Hanna v. Miller*,*163* F. Supp. 2d 1302, 1306 (D.N.M. 2001) (holding that while no specific amount in controversy was alleged, the amount in controversy requirement for diversity was met, as the plaintiff alleged severe injuries, permanent impairment, future medical expenses, pain and suffering, mental anguish, recovery of lost wages, and other losses).

15.     Here, Plaintiff also claims that he is entitled to punitive damages, which should be considered in determining the amount in controversy. Complaint at ¶ WHEREFORE; *Burrell v. Burrell*, 229 F.3d 1162 (10th Cir. 2000) (quoting *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943) ("'[w]here both actual and punitive damages are

recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.'"")).

16.     Based on the Plaintiff's allegations and the supporting law explained above, Plaintiff's Complaint, seeking both compensatory and punitive damages, meets the amount in controversy requirement at the time of removal, as Plaintiff's Complaint clearly seeks damages exceeding $75,000, exclusive of interests and costs.

<u>REMOVAL IS TIMELY AND PROPER</u>.

17.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal is to be filed within 30 days after receipt by the defendant of a copy of the initial pleading.

16.     Defendants Numotion, Tim Casey, and Numotion Foundation were served with a Summons and copy of the Complaint on June 9, 2021.  Therefore, this Notice of Removal is timely pursuant to §§ 1446(b)(1) and 1446(b)(2)(B) because it is being filed within thirty days of receipt of the Summons and Complaint.

17.     This Court is the proper venue for removal because the United States District Court for the District of New Mexico encompasses the geographic area of the First Judicial District Court for the County of Santa Fe in the State of New Mexico.

18.     Contemporaneous with this filing, a copy of the Notice of Removal, along with the Notice of Filing Notice of Removal,[1] will be filed with the clerk of First Judicial District Court for the County of Santa Fe in the State of New Mexico and served upon counsel for all

---

[1]     An unsigned copy of the Notice of Filing Notice of Removal to be filed with the state court is attached as **Exhibit B**.

adverse parties pursuant to 28 U.S.C. § 1446(d).  Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, this action is properly removed to this Court.

19.     By filing this Notice of Removal, Defendants Numotion, Tim Casey, and Numotion Foundation do not waive their right to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

20.     If any question arises as to the propriety of the removal of this action, Defendants Numotion, Tim Casey, and Numotion Foundation request the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery, if needed.

21.     Prior to filing this Notice of Removal, Defendants Numotion, Tim Casey, and Numotion Foundation did not answer or otherwise plead in response to the Complaint in state court.  Therefore, Defendant will answer or present other defenses and objections in accordance with Federal Rule of Civil Procedure 81(c)(2)(C).

22.     WHEREFORE, Defendants Numotion, Tim Casey, and Numotion Foundation request that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the First Judicial District Court for the County of Santa Fe in the State of New Mexico; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
      Paul R. Koller
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
pkoller@rodey.com

*Attorneys for United Seating and Mobility, LLC d/b/a Numotion;*
*Numotion Foundation; and Tim Casey*

CERTIFICATE OF SERVICE

    The undersigned certifies that on the 9th day of July, 2021, I caused the foregoing to be electronically filed through the CM/ECF filing system, which caused counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

    Joseph M. Zebas
    Zebase Law Firm
    Attorney for Plaintiff
    P. O. Box 1675
    Hobbs, NM 88241
    joe.zebas@zebaslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
      Paul R. Koller