FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
4/15/2021 4:16 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana Villalobos

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

| | |
|---|---|
| JOE TOVAR, an individual, ) | |
| ) | Case assigned to Mathew, Francis J. |
| Plaintiff, ) | D-101-CV-2021-00845 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| UNITED SEATING AND MOBILITY, ) | |
| L.L.C., d/b/a NUMOTION; NUMOTION ) | **COMPLAINT FOR DAMAGES** |
| FOUNDATION; JOHN DOE SALES ) | Product Liability |
| REPRESENTATIVE; JOHN DOE ) | |
| INSTALLATION TECHNICIAN; TIM ) | |
| CASEY, an individual; JOHN and JANE DOES ) | |
| I-X; BLACK and WHITE COPORATIONS I- ) | |
| X; ABC PARTNERSHIPS I-X; and ABC ) | |
| ORGANIZATIONS I-X, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT TO RECOVER
## DAMAGES FOR PRODUCT LIABILITY

**COMES NOW** Plaintiff Joe Tovar ("Plaintiff" hereinafter), by and through his attorney of record, Joseph M. Zebas of Zebas Law Firm, L.L.C., for his complaint against Defendant United Seating and Mobility, L.L.C., d/b/a Numotion ("Defendant Numotion" hereinafter), Defendant Numotion Foundation ("Defendant Foundation" hereinafter), Defendant John Doe Sales Representative ("Defendant Sales Representative" hereinafter), and Defendant Sales Technician ("Defendant Sales Technician" hereinafter) states:

### PARTIES

1. Plaintiff is a resident of the City of Hobbs, County of Lea, State of New Mexico.

2. Defendant Numotion is a foreign limited liability company, doing business in the City of Santa Fe, County of Santa Fe, State of New Mexico. Defendant Numotion

1



has its principle place of business in the State of Missouri. Defendant Numotion designed, manufactured, and distributed the Vicair Adjuster X Cushion Model # E2622.

3. Defendant Numotion Foundation is a domestic nonprofit corporation located in the City of Brentwood, County of Williamson, State of Tennessee. Defendant Numotion Foundation has its principle place of business in the State of Connecticut. Defendant Numotion Foundation is a representative of Numotion.

4. Defendant Sales Representative is a relevant subject of this complaint as an employee and/or representative of Defendant Numotion. Defendant Sales Representative is named in their official and unofficial capacity.

5. Defendant Installation Technician is a relevant subject of this complaint as an employee and/or representative of Defendant Numotion. Defendant Installation Technician is named in their official and unofficial capacity.

6. Defendant Tim Casey is a relevant subject of this complaint as the Chief Compliance Officer and General Counsel and/or representative. Defendant Tim Casey is named in his official and unofficial capacity.

7. Defendants John and Jane Does I-X and Black and White Corporations I-X are fictitiously named defendants, who may have committed wrongful acts, which caused or contributed to Plaintiff's injuries and damages. When the true identities of these Defendant are known, leave of this court will be sought to amend this complaint accordingly.

## JURISDICTION AND VENUE

8. The incident giving rise to this suit occurred on or about April 16, 2018, at the home of Plaintiff at 1216 North Gulf Street, within the City of Hobbs, County of Lea, State of New Mexico.

9. Pursuant to NMSA 38-3-1, this action properly lies in the Fifth Judicial District Court for the County of Lea in the State of New Mexico because, upon information and belief, (1) Defendants do business within, reside in, or has significant contacts within Lea County, New Mexico, and (2) a substantial part of the events or occurrences giving rise to this claim occurred in Lea County, New Mexico.

10. Pursuant to the statutory and constitutional laws of the State of New Mexico, this Court has jurisdiction over the parties and the subject matter of this action.

## MATERIAL FACTS AND PRELIMINARY STATEMENT

11. Plaintiff is a level C7 quadriplegic and is confined to a motorized wheelchair due to his condition. His condition caused the need for a wheelchair seat cushion. Plaintiff has used seat cushions for eleven years and never had any sort of problem.

12. On or before April 16, 2018, Defendant Sales Representative of Defendant Numotion placed the order for Plaintiff's new seat cushion for his wheelchair.

13. On or about April 16, 2018, Defendant Installation Technician delivered the new seat cushion for Plaintiff's wheelchair to Plaintiff's home residence located at 1216 North Gulf Street in Hobbs, New Mexico.

14. Defendant Installation Technician called Plaintiff prior to delivering the new seat cushion. Defendant Installation Technician delivered the new seat cushion to Plaintiff's residence and offered no assistance or explanation to Plaintiff about how it worked and left.

3

15. Plaintiff asked Defendant Installation Technician to explain how the new seat cushion worked, and Defendant Installation Technician stated, "I am too busy and I have to drive all the way to Carlsbad, and I don't have time." Plaintiff then asked if there was any possibility Defendant Installation Technician could stop by on his way home from Carlsbad to explain the seat cushion. Defendant Sales Technician then said, "No I am too busy and I won't have time for that."

16. Plaintiff then called Defendant Numotion to get an explanation as to how the new seat cushion worked. Defendant Numotion advised Plaintiff to "You-tube" how the seat cushion works.

17. Plaintiff was told by Defendant Sales Representative to report Defendant Installation Technician. Plaintiff did report it, and no action was taken by Defendant Numotion against Defendant Sales Representative or Defendant Sales Technician.

18. Plaintiff used the seat cushion after for approximately seven (7) months. In this time period Plaintiff developed a sore on his left gluteus maximus. The Admission Report from Southwest Regional Wound Care Center; Dr. Randall Walcott, M.D., notated Stage IV decubitus ulcer of the coccyx. The report goes on to notate that the patient has a thick decubitus ulcer which is quite deep over the coccyx; region. Stage IV with quite a bit of necrosis and slough.

19. Plaintiff developed these injuries as a result of using the Vicair Adjuster X Cushion Model # E2622 that he purchased from Defendant Numotion. This is a direct and proximate result of Plaintiff's injuries.

20. Defendant Sales Representative and Defendant Numotion Installation Technician contributed to this injury by not aiding Plaintiff in the initial setup and use of the

4

Vicair Adjuster X Cushion Model # E2622. This is a direct and proximate result of Plaintiff's injuries.

21. Based on Defendant Numotion's refusal to help Plaintiff know how to use the new seat cushion, as well as the intentional negligence of Defendant Sales Technician in not showing Plaintiff how to properly use the new seat cushion, Plaintiff developed a Stage IV decubitus ulcer on his coccyx.

## COUNT I: NEGLIGENCE AS TO DEFENDANTS

22. Plaintiff incorporates by reference all allegations contained in paragraphs 1-21 of the complaint as fully set forth herein.

23. Defendant Numotion and Defendant Sales Technician acted in a negligent fashion by intentionally not helping Plaintiff get his new seat cushion placed properly. The responsibility lies with Defendant Sales Technician not doing his job properly. The responsibility lies with Defendant Sales Representative for not taking any action to help Plaintiff properly use the seat cushion. The responsibility of Defendant Numotion lies with the company for hiring such insolent employees in the course and scope of employment such as the Defendants named in this lawsuit.

24. Had Defendants helped Plaintiff as they should have, pursuant to Defendant Numotion's Compliance Program, Plaintiff would have never developed the decubitus ulcer.

25. Defendant Sales Technician had a duty to uphold the seven elements of Defendant Numotion's compliance program, but Defendant failed to do so.

26. Due to Defendants' negligent actions, Plaintiff suffers from the open wound to this day which is now tunneling, and he will suffer from this wound in the future.

## COUNT II: NEGLIGENT ENTRUSTMENT

27. Plaintiff incorporates by reference all allegations contained in paragraphs 1-26 of the complaint as fully set forth herein.

28. Plaintiff entrusted Defendant Numotion with his health and wellness. Defendant Numotion hired Defendant Sales Technician. Defendant Sales Technician's actions caused Plaintiff to develop a painful decubitus ulcer on his coccyx.

29. Defendants failed to uphold the standard of care for Plaintiff, and caused irreparable damage to Plaintiff.

## COUNT III: PRODUCT LIABILITY

30. Plaintiff incorporates by reference all allegations contained in paragraphs 1-29 of the complaint as fully set forth herein.

31. Defendant Numotion are strictly liable to Plaintiff in the following respects:

32. Defendant Numotion designed, manufactured, assembled, distribute, conveyed and/or sold the Vicair Adjuster X Cushion Model # E2622 to Plaintiff.

33. The Vicair Adjuster X Cushion Model # E262 was defective because it failed to perform safely and effectively for the purpose which it was originally designed. Plaintiff's Vicair Adjuster X Cushion Model # E2622 failed causing his body to develop serious physical complications which required subsequent, painful and unnecessary wound care.

34. The product was used in the manner in which it was intended by Plaintiff as best as he knew how with no assistance by Defendants. Which became an unreasonably

dangerous product which constituted an unreasonable risk of danger and injury to Plaintiff as follows:

    a. The Vicair Adjuster X Cushion Model # E2622 was sold in a defective condition by design and manufacture.

    b. The Vicair Adjuster X Cushion Model # E2622 as designed and manufactured was unsafe to Plaintiff.

    c. The Vicair Adjuster X Cushion Model # E2622 as designed and manufactured was unreasonably dangerous to Plaintiff.

    d. The Vicair Adjuster X Cushion Model # E2622 did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect.

    e. The Vicair Adjuster X Cushion Model # E2622 as designed and manufactured was unsafe for its intended use.

    f. Any other acts or failures to act by Defendant Numotion regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Vicair Adjuster X Cushion Model # E2622 for intended medical use as will be learned during discovery.

35. The supplier of a product has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used. This duty is owed to persons who can reasonably be expected to use the product like that of Plaintiff Tovar's use of the Vicair Adjuster X Cushion Model # E2622.

36. The supplier's duty to use ordinary care continues after the product has left its possession. A supplier who later learns, or in the exercise of ordinary care should

know, of a risk of injury caused by a condition of the product or manner in which it could be used mush then use ordinary care to avoid risk to the consumer like that of the Plaintiff who is physically handicapped.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference all allegations contained in paragraphs 1-36 of the complaint as fully set forth herein.

38. Defendant Numotion is liable to Plaintiff for the negligent infliction of emotional distress as described as follows:

    a. Plaintiff suffered severe emotional distress, which was as a result of the Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Vicair Adjuster X Cushion Model # E2622 for medical use.

    b. Plaintiff suffered severe emotional distress, which was as a result of the Defendant's negligent conduct in failing to adequately and safely design and construct an effective and safe Vicair Adjuster O2 Cushion Model # E2622 for medical use.

    c. Therefore, Defendant Numotion is liable to Plaintiff.

    d. Defendant Numotion's conduct in continuing to market, sell and distribute the Vicair Adjuster X Cushion Model # E2622 after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum

which will serve to deter Defendant Numotion and others from similar conduct in the future.

WHEREFORE, Plaintiff demands judgement against the Defendants for damages, costs and a trial by jury.

## COUNT V: DAMAGES

39. Plaintiff incorporates by reference all allegations contained in paragraphs 1-39 of the complaint as fully set forth herein.

40. The negligent, grossly negligent, careless and/or reckless conduct by Defendants includes, but is not limited to, the following:

   a. Intentional gross negligent actions;

   b. Malicious intent;

   c. Willful or wanton disregard; and

   d. No concern for Plaintiff's health nor safety.

41. As a direct and proximate result of the negligent, grossly negligent, careless and/or reckless actions of the Defendants, Plaintiff suffered injuries to his body, both temporary and permanent; endured pain and suffering, both physical and mental; incurred medical expenses, travel expenses to treat the wound, has undergone medical treatment, will undergo medical treatment in the future; has suffered loss of enjoyment of life; have been unable to engage in normal family, social, recreational and household services and activities; lost income; and other damages which will continue into the future. Plaintiff is entitled to compensation for his damages.

42. Defendants' violation of the New Mexico statutes constitutes negligence as a matter of law.

43. Defendants' negligence was a proximate cause of the injuries and damages to Plaintiff as described herein above.

44. Defendants' actions were grossly negligent, willful, wanton or in reckless disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a. For reasonable compensatory damages, which involves lost wages, medical expenses and future medical expenses;

    b. For punitive damages;

    c. For pre-judgment and post-judgment interest; and

    d. For the cost of this action, and for such other and further relief that the Court deems just and proper.

Submitted by:

**ZEBAS LAW FIRM, L.L.C.**
By: /s/ *Joseph M. Zebas*
Joseph M. Zebas, Esq.
P.O. Box 1675
Hobbs, NM 88241
T: 575-393-1024
F: 575-393-1234
joe.zebas@zebaslaw.com
*Attorney for Plaintiff*